80. As a direct and proximate result of the aforementioned actions of the Defendants, both named and unknown, the Plaintiff has suffered injuries, damages, loss and harm as alleged in this Complaint.

WHEREFORE, the Plaintiff prays judgment against each of the Defendants as herein alleged.

## COUNT IV.
## BREACH OF EXPRESS WARRANTY

81. The Plaintiff reaffirms and realleges Paragraphs 1 through 80 of this Complaint.

82. At all times herein mentioned, prior to and on March 12, 2001, the Defendants utilized advertising media and other means to urge the sale and use of the subject Panacryl™ sutures, and expressly warranted to the Plaintiff, the medical professional community, and the general public, that said Panacryl™ sutures were without defect, effective, proper, warranted, and safe for their intended use as a means of suturing patients without endangering the life or the health of the patient.

83. In fact, according to the Defendant Johnson & Johnson's 2003 Third Quarter 10-Q Report filed with the SEC, the Defendant Ethicon, Inc. is under investigation by several state attorney general's offices and the Federal Trade Commission for possible violations related to the marketing

of its suture products to hospitals and group purchasing organizations.

84. Such express warranty constituted an affirmation of fact, promise, description and/or sample as provided in Uniform Commercial Code Section 2313. This express warranty accompanied the sale of the subject Panacryl™ sutures to hospitals and physicians, and became part of the sales contract and/or basis of the bargain.

85. Upon information and belief, all of the medical professionals who treated Ms. O'Brien relied upon this express warranty when using the subject Panacryl™ sutures to close the incision from her caesarean section.

86. As a proximate result of this breach of express warranty, Plaintiff suffered injuries, damages, loss and harm in an amount to be proven at trial, as alleged in this Complaint.

WHEREFORE, the Plaintiff prays judgment against each of the Defendants as herein alleged.

### COUNT V.
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

87. The Plaintiff realleges and reaffirms Paragraphs 1 through 86 of this Complaint.

88. At all times mentioned in this Complaint, each of the Defendants Johnson & Johnson, Ethicon, Inc., and the unknown Defendant Distributor(s) were, and are, the sellers

of the subject Panacryl™ sutures as defined in UCC Section 2104(1).

89. Prior to, and at the time that the Defendants Johnson & Johnson, Ethicon, Inc., and the unknown Defendant Distributor(s), sold the subject Panacryl™ sutures to the Ms. O'Brien's hospital and medical practitioners, and prior to the time that Ms. O'Brien's hospitals and medical practitioners used the subject Panacryl™ sutures to close the incision from Ms. O'Brien's cesaerean section, each of the Defendants Johnson & Johnson, Ethicon, Inc., and the unknown Defendant Distributor(s) gave implied warranty to Ms. O'Brien's hospitals and medical practitioners that the said sutures were of merchantable quality within the meaning of UCC Section 2314. Such implied warranty was implied in the contract for sale of the subject Panacryl™ sutures to Ms. O'Brien's hospitals and medical practitioners.

90. Said Panacryl™ sutures were not of merchantable quality as warranted by the Defendants Johnson & Johnson, Ethicon, Inc., and the unknown Defendant Distributor(s), in that said sutures were not fit for the ordinary purposes for which sutures are used, namely, for suturing patients. Thus each of the Defendants Johnson & Johnson, Ethicon,

Inc., and the unknown Defendant Distributor(s), breached the implied warranty of merchantability.

91. The Plaintiff was in constructive privity with the Defendants so as to invoke the implied warranty of merchantability.

92. As a proximate result of the aforesaid defect and/or contamination of the subject Panacryl™ sutures, and the breach of implied warranty of merchantability by the Defendants Johnson & Johnson, Ethicon, Inc., and the unknown Defendant Distributor(s), the Plaintiff and her children were severely and permanently damaged.

93. As a further proximate result of the aforesaid defect and/or contamination of the subject Panacryl™ sutures, and the breach of implied warranty of merchantability by the Defendants Johnson & Johnson, Ethicon, Inc., and the unknown Defendant Distributor(s), the Plaintiff has incurred, and will incur, legal expense, the full extent and nature of which is not yet known to the Plaintiff. Leave is therefore requested to amend this Complaint to conform to the proof and the pleadings the amount of attorney's fees and costs at the time of trial.

94. As a direct and proximate result of the aforementioned actions and inactions of the subject Panacryl™ sutures, and the breach of implied warranty of merchantability by the

Defendants Johnson & Johnson, Ethicon, Inc., and the unknown Defendant Distributor(s), the Plaintiff and her children have suffered injuries, damages, loss, and harm as alleged in this Complaint.

WHEREFORE, Plaintiff prays judgment against the Defendants Johnson & Johnson, Ethicon, Inc., and the unknown Defendant Distributor(s), as herein alleged.

### COUNT VI.
### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

95. The Plaintiff reaffirms and realleges Paragraphs 1 through 94 of this Complaint.

96. At all times mentioned, each of the Defendants were and are the sellers of the subject Panacryl™ sutures as defined in UCC Section 2104(1).

97. Prior to March 12, 2001, the Defendants sold the subject Panacryl™ sutures to Ms. O'Brien's hospitals and medical practitioners. At the time these Defendants contracted to sell and sold the subject Panacryl™ sutures to Ms. O'Brien's medical practitioners, and prior to the time that Ms. O'Brien's medical practitioners used the subject sutures for their reasonable and intended purposes, the Defendants had reason to know, were informed, and did know that the subject Panacryl™ sutures were being purchased by Ms. O'Brien's medical practitioners for a particular

purpose, i.e., suturing incisions, and the Defendants each gave implied warranty that said sutures to be, in all respects, fit, safe, and proper for this purpose. Such implied warranty was implied in the contract for sale of the subject Panacryl™ sutures to Ms. O'Brien's medical practitioners.

98. Ms. O'Brien's medical practitioners relied on each of the Defendants for their skill and judgment to select and furnish goods suitable for the purposes of providing sutures free of defect and/or contamination, and safe for their intended uses.

99. On or before March 12, 2001, Ms. O'Brien's medical providers stored and had been using the subject Panacryl™ sutures in a foreseeable manner and for the purpose of which it was impliedly warranted, i.e., that said sutures were free of defect and/or contamination, and safe for general surgical purposes.

100. The said sutures were not fit or safe for the particular purpose for which they were purchased, as impliedly warranted by each of the Defendants. In particular, the subject Panacryl™ sutures purchased by Ms. O'Brien's medical practitioners, when properly and foreseeably used, and as a proximate result of the defects and/or contamination as previously described, or of some other

defect presently unknown to the Plaintiff, said sutures failed to perform as anticipated and proximately caused injuries and damages to the Plaintiff and her children. Therefore, each of the Defendants breached the implied warranty of fitness for a particular purpose.

101. It is alleged upon information and belief that, due to the number of adverse events reported to the FDA before, on and after March 12, 2001, the Defendants had, or should have had, actual or constructive notice that the subject Panacryl™ sutures were not fit for the purpose for which they were impliedly warranted, and thereby the Defendants were given actual or constructive notice of the breach of said implied warranty.

102. As a proximate result of said defects and/or contamination of the subject Panacryl™ sutures, resulting from the breach or said implied warranty of fitness for a particular purpose by each of the Defendants as alleged herein, Ms. O'Brien was subjected to, and still suffers from, continuous, debilitating and excruciating pain, chronic infections and abscesses, multiple surgeries, long-term recuperation and incapacitation, loss of consortium, and other injury, for which the Plaintiff should be awarded compensation.

103. As a direct and proximate result of the aforementioned actions and inactions of each of the Defendants, the Plaintiff and her children have suffered injuries, damages, loss, and harm as alleged in this Complaint.

WHEREFORE, the Plaintiff prays judgment against each of the Defendants as herein alleged.

### COUNT VII.
### RES IPSA LOQUITOR

104. The Plaintiff reaffirms and realleges Paragraphs 1 through 103 of this Complaint.

105. At all times herein mentioned, each of the Defendants were, and are, the entities who designed, fabricated, tested, marketed, distributed, and/or, in the alternative, designed, fabricated and constructed the facilities for fabricating and sterilizing the subject Panacryl™ sutures, and/or sold, traded, donated, or delivered the subject Panacryl™ sutures to the Plaintiff's medical practitioners.

106. The post-surgery infections and complications experienced by the Plaintiff were of the kind that do not occur in the absence of some person's or entity's negligence.

107. The post-surgery infections and complications experienced by the Plaintiff were caused by an agency or instrumentality in the exclusive control of each of the Defendants.

108. The instrumentality which originally caused the post-surgery infections and complications was not mishandled or otherwise changed by others, other than the Defendants.

109. The aforesaid post-surgery infections were not due to any voluntary action, interference or contribution on the part of the Plaintiff, or the Plaintiff's physicians.

110. The defects and/or contamination of the subject Panacryl™ sutures which in turn caused the post-surgery infections and complications were not to due to any voluntary action, interference or contribution on the part of the Plaintiff, or the Plaintiff's physicians.

111. The use of said defective and/or contaminated Panacryl™ sutures, as encouraged by each of the Defendants, was the actual and proximate cause of the Plaintiff's post-surgery infections and complications, and caused the injuries and damages to the Plaintiff and her children as alleged herein.

112. As a direct and proximate result of the aforementioned actions and inactions of the Defendants, the Plaintiff and her children have suffered injuries, damages, loss, and harm as alleged in this Complaint.

WHEREFORE, the Plaintiff prays judgment against each of the Defendants as herein alleged.

## COUNT VIII.
## LOSS OF CONSORTIUM

113. The Plaintiff reaffirms and realleges Paragraphs 1 through 112 of this Complaint.

114. Donna M. O'Brien was, and at all times relevant to this action, is the mother of her minor children, Selena D. O'Brien and Christian M. O'Brien.

115. Selena D. O'Brien was, and at all times relevant to this action, is the minor daughter of the Plaintiff, Donna M. O'Brien.

116. Christian M. O'Brien was, and at all times relevant to this action, is the minor son of the Plaintiff, Donna M. O'Brien.

117. The negligence, recklessness, and/or intentional conduct of each of the Defendants described in this Complaint, *supra* and *infra*, caused and brought about the injuries and damages of Donna M. O'Brien, Selena D. O'Brien and Christian M. O'Brien, and the handicap, disability and impairment of health of Donna M. O'Brien.

118. Because of the injuries suffered by Ms. O'Brien as a result of each of the Defendants, Ms. O'Brien lost and was deprived of the joy of parenting, love, comfort, solace and affection usually and ordinarily provided by mothers to their children and children to their mothers, when same are

29

in good health and of unimpaired vigor and strength. In particular, Donna O'Brien was deprived of the bonding experience that naturally, ordinarily, and usually occurs with a newborn infant and its mother, and the deprivation of that experience is permanent, irretrievable and irreplaceable.

119. Because of the injuries suffered by Ms. O'Brien as a result of each of the Defendants, her daughter Selena D. O'Brien lost and was deprived of the parenting, love, comfort, solace and affection usually and ordinarily provided by mothers to their children and children to their mothers, when same are in good health and of unimpaired vigor and strength.

120. Because of the injuries suffered by Ms. O'Brien as a result of each of the Defendants, Christian M. O'Brien lost and was deprived of the parenting, love, comfort, solace and affection usually and ordinarily provided by mothers to their children and children to their mothers, when same are in good health and of unimpaired vigor and strength. In particular, Christian M. O'Brien was deprived of the bonding experience that naturally, ordinarily and usually occurs with a newborn infant and its mother, and the deprivation of that experience is permanent, irretrievable and irreplaceable.

121. As a result of the foregoing injuries, the Plaintiff and her children have been generally damaged in a sum in excess of $75,000.

122. As a direct and proximate result of the aforementioned actions and inactions of the Defendants, the Plaintiffs have suffered injuries, damages, loss, and harm as alleged in this Complaint.

WHEREFORE, the Plaintiff prays judgment against each of the Defendants as herein alleged.

### COUNT IX.
### CLAIM FOR PUNITIVE DAMAGES

123. The Plaintiff reaffirms and realleges Paragraphs 1 through 122 of this Complaint.

124. Since its release in 1998 and its subsequent removal from the market in 2002, over 284 adverse events have been reported to the FDA which cite Panacryl™ sutures as a cause of infection, suture spitting, abscesses, and other adverse reactions, including death.

125. Panacryl™ sutures were voluntarily removed from the market by its manufacturer, the Defendant, Ethicon, Inc., on July 1, 2002.

126. Ethicon, Inc. has a history of product recalls related to the manufacturing of sutures, and is a party to a class-action suit involving a recalled suture product named Vicryl, which is similar in design and manufacture to Panacryl™.

127. In fact, according to the Defendant Johnson & Johnson's 2003 Third Quarter 10-Q Report filed with the SEC, the Defendant Ethicon, Inc. is under investigation by several state attorney general's offices and the Federal Trade Commission for possible violations related to the marketing of its suture products to hospitals and group purchasing organizations.

128. Upon information and belief, the Plaintiff alleges that the Defendant Johnson & Johnson, the Defendant Ethicon, Inc., and the other Defendant Distributor(s), and the unknown other defendants, conspired to induce the other Defendants, Southcoast Hospital Group and Tobey Health Systems, to purchase and/or use Panacryl™ sutures, with incentives, price discounts, kickbacks or preferred provider status, in violation of Federal and state law, knowing that said sutures were defective and/or contaminated.

129. Upon information and belief, the Plaintiff alleges that the Defendants, Southcoast Hospital Group and Tobey Health Systems, failed to inform Ms. O'Brien, or any of her

surgeons and physicians, of the defects and/or contamination of the subject Panacryl™ sutures, or of the risk to patients from said sutures of infection, abscesses, suture spitting and other complications, if used to close surgical incisions; although any notices from the Defendant manufacturers and distributors would have typically been sent to hospitals and medical suppliers, and not to individual physicians.

130. Each of the Defendants knew that terrible injuries and severe damages would probably result to members of the public and to the Plaintiff if said Panacryl™ sutures were used as intended and recommended. Nevertheless, each of the Defendants deliberately failed and refused to effectively recall and remove these defective and/or contaminated Panacryl™ sutures, or to take any steps whatsoever to prevent such injuries.

131. Each of the Defendants failed and refused to take any steps to prevent injuries from said Panacryl™ sutures in order to minimize their costs and thereby increase their profits.

132. As a proximate result of the said defects and/or contamination, and the acts and conduct of each of the Defendants, as alleged throughout this Complaint, the Plaintiff and her children have suffered, and continue to suffer, severe injuries.

133. The conduct and acts of each of the Defendants, as set forth herein, constitute fraud, malice, and oppression towards the Plaintiff, and a willful and conscious disregard of the Plaintiff's safety. The Plaintiff and her children, therefore, are entitled to punitive damages, which would serve to punish and make examples of each of the Defendants, as a jury would deem just and proper.

134. The conduct and acts of each of the Defendants, as set forth herein, constitute fraud, malice, and oppression toward the Plaintiff, and a willful and conscious disregard of the Plaintiff's safety. The Plaintiff and her children, therefore, are entitled to treble damages under M.G.L. c.93A.

135. As a direct and proximate result of the aforementioned actions and inactions of the Defendants, the Plaintiffs have suffered injuries, damages, loss, and harm as alleged in this Complaint.

WHEREFORE, the Plaintiff prays judgment against each of the Defendants as herein alleged.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment on her own behalf, and on behalf of her two minor children, Christian M. O'Brien and Selena D. O'Brien, against each of the Defendants as follows:

1. For actual and compensatory damages, in an amount to be proven at trial;

2. For medical expenses, past and future, in an amount to be proven at trial;

3. For lost earnings and loss of earning capacity, in an amount to be proven at trial;

4. For costs and expenses of suit;

5. For attorney's fees and expenses;

6. For double or treble damages pursuant to the provisions of Massachusetts General Laws Chapter 93A;

7. For punitive damages in the amount sufficient to punish and make an example of each of the Defendants.

8. For injunctive relief, and in particular, for the recall of all Panacryl™ sutures, no matter how supplied;

9. For pre- and post-judgment interest; and,

10. For such other and further relief as the Court deems just, proper and equitable.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE IN EACH AND EVERY COUNT OF THIS COMPLAINT.**

```
                              Respectfully Submitted,
                              The Plaintiff,
                              DONNA M. O'BRIEN,
                              On Her Own Behalf,
                              and As Next Friend
                              To Her Minor Daughter,
                              SELENA D. O'BRIEN,
                              ~~and~~
                              As Next Friend to
                              Her Minor Son,
                              CHRISTIAN M. O'BRIEN,
                              By Her Attorney,

                              _____
                              ROBERT WILLIAM ZEIDA, ESQUIRE
                              Massachusetts BBO No.546111
                              25 Main Street, Second Floor
                              Post Office Box 313
                              Buzzards Bay, MA 02532-0313
                              (508)759-9099
```