

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10490MLW

DONNA M. O'BRIEN, ON HER OWN :
BEHALF, AND AS NEXT FRIEND :
TO HER MINOR DAUGHTER, :
DELENA D. O'BRIEN, AND AS :
NEXT FRIEND TO HER MINOR SON, :
CHRISTIAN M. O'BRIEN, :
    Plaintiff :
 :
v. :
 :
JOHNSON & JOHNSON, ETHICON, :
INC., SOUTHCOAST HOSPITALS :
GROUP, TOBEY HEALTH SYSTEMS, :
AND OTHER UNKNOWN :
DISTRIBUTOR(S) :
    Defendants :
 :

MEMORANDUM OF LAW IN SUPPORT OF
HOSPITAL-DEFENDANTS' MOTION TO DISMISS
UNDER RULES 12(b)(1) and 12(b)(2)

Factual Allegations

    The Plaintiffs filed this suit on March 11, 2004. The Plaintiffs contend that this suit is

> ...an action for Products Liability; Negligence; Strict Liability; Breach of Express Warranty; Breach of Implied Warranty of Merchantability; Breach of Implied Warranty of Fitness for a Particular Purpose; Res Ipsa Loquitur; Loss of Consortium; and a Claim for Punitive Damages; with the cause of action and

O'Brien v. Southcoast Hospitals Group, Inc., et al  2
Memorandum of Law in Support of Hospital-Defendants'
Motion to Dismiss Under Rules 12(b)(1) and 12(b)(2)

> damages arising from a caesarean section performed on the Plaintiff, Donna M. O'Brien, (hereinafter "Ms. O'Brien"), on March 12, 2001, in which a product manufactured, distributed, marketed or utilized by the Defendants, PanacrylTM sutures, were used during the Plaintiff's surgery.
> Plaintiffs' Complaint, ¶16.

Plaintiffs contend that jurisdiction lies in the Court under 28 U.S.C. §1332 "due to the diversity of the parties" and on alleged damages in excess of seventy-five thousand dollars. Plaintiffs' Complaint, ¶¶ 14-15.

Plaintiffs O'Brien contend that they reside in Buzzards Bay, Town of Bourne, Barnstable County, Massachusetts. Plaintiffs' Complaint, ¶¶ 1 – 3. They further contend that the Defendant Southcoast Hospital Group[1] is a Massachusetts Corporation with a principal place of business in New Bedford, Bristol County, Massachusetts. Plaintiffs' Complaint, ¶6. They contend that the Defendant Tobey Health Systems[2] is a corporation with a principal place of business in Wareham, Plymouth County, Massachusetts. Plaintiffs' Complaint, ¶7. The two "non-hospital" defendants, Johnson & Johnson and Ethicon, Inc., are alleged to be corporations with principal places of business in New Jersey. Plaintiffs' Complaint, ¶¶ 4, 5.

The Defendants Southcoast Hospitals Group and Tobey Health Systems have brought a motion to dismiss under Rules 12(b)(1) and 12(b)(2), Fed. R. Civ. P. and have further requested that separate and final judgment, Rule 54(b), Fed. R. Civ. P.

---

[1] There is a misnomer of this entity which, correctly, is Southcoast Hospitals Group, Inc.
[2] There is a misnomer of this entity which, presuming Plaintiffs are attempting to name the Tobey Hospital as referenced at ¶17 of Plaintiffs' Complaint, is properly Southcoast Hospitals Group, Inc.

O'Brien v. Southcoast Hospitals Group, Inc., et al     3
Memorandum of Law in Support of Hospital-Defendants'
Motion to Dismiss Under Rules 12(b)(1) and 12(b)(2)

## Issues Presented

Should Plaintiffs' Complaint be dismissed for lack of jurisdiction over the subject matter of Plaintiffs' Complaint?

Should Plaintiffs' Complaint be dismissed for lack of jurisdiction over the persons of the Defendants Southcoast Hospitals Group and Tobey Health Systems?

## Argument

Plaintiffs' sole basis for invoking jurisdiction in this Court is diversity of citizenship under 28 U.S.C. §1332. "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." *Newman-Green, Inc., v. Alfonzo-Larrain et al*, 490 U.S. 826, 829 (1989), citing *Strawbridge v. Curtiss*, 3 Cranch 267 (1806). See also, *Caterpillar, Inc., v. Lewis*, 519 U.S. 61, 67-68 (1990). In the case at bar, all Plaintiffs and two of the defendants are residents of Massachusetts. Therefore diversity jurisdiction under 28 U.S.C. §1332 does not lie. The Plaintiffs' Complaint, at least as to the Defendants Southcoast Hospitals Group and Tobey Health Systems, must be dismissed under Rules 12(b)(1) and 12(b)(2), Fed. R. Civ. P.

Said Defendants further submit that, under these circumstances, there is no just reason for delay in entry of a separate and final judgment of dismissal in their favor.

O'Brien v. Southcoast Hospitals Group, Inc., et al                                                                                    4
Memorandum of Law in Support of Hospital-Defendants'
Motion to Dismiss Under Rules 12(b)(1) and 12(b)(2)

## Conclusion

For the aforesaid reasons, Plaintiffs' Complaint should be dismissed, with entry of separate and final judgment in favor of these Defendants.

                Respectfully submitted,
                Defendant Southcoast Hospitals Group,
                Properly Southcoast Hospitals Group, Inc.
                and Defendant Tobey Health Systems,
                properly Southcoast Hospitals Group, Inc.,
                by counsel,

                _____
                Martin C. Foster
                B.B.O. #175860
                Joan Eldridge
                B.B.O. #152720
                Foster & Eldridge
                955 Massachusetts Avenue
                Cambridge, MA  02139
                Tele:  617 492 5800

Dated:_____

Certificate _____
I hereby cert_____ ocument
was _____ se and) the
_____ by fax/by hand
on _____
_____(signature)