UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA M. O'BRIEN,<br>on Her Own Behalf, and as Next Friend<br>to Her Minor Daughter,<br>SELENA D. O'BRIEN<br>&<br>As Next Friend to Her Minor Son,<br>CHRISTIAN M. O'BRIEN<br>    PLAINTIFFS<br><br>-Vs-<br><br>JOHNSON & JOHNSON, ETHICON, INC.,<br>SOUTH COAST HOSPITALS GROUP,<br>TOBEY HEALTH SYSTEMS, and<br>OTHER UNKNOWN DISTRIBUTOR(s),<br>    DEFENDANTS | CIVIL ACTION NO.:<br>04CV10490MLW |

**DEFENDANTS JOHNSON & JOHNSON AND ETHICON, INC.'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT AND SUPPORTING MEMORANDUM**

Pursuant to Fed.R.Civ.P. 12(b)6, defendants Johnson & Johnson (hereinafter referred to as "J&J") and Ethicon, Inc. (hereinafter referred to as "Ethicon"), hereby move for partial dismissal of the plaintiffs' complaint, as several of the counts therein fail to state any claim upon which relief may be granted.

### I. INTRODUCTION

Plaintiff Donna O'Brien's (hereinafter "Ms. O'Brien") complaint is founded on allegations of product liability and medical malpractice. She contends that on March 12, 2001, her son was born via caesarean birth. Her treating physician, affiliated with defendants Tobey Hospital and Southcoast Hospitals Group, purportedly used Panacryl™ surgical sutures, manufactured by Ethicon, to surgically close the abdominal incision

following the birth.[1] The plaintiff alleges that the sutures did not dissolve uniformly, causing the development of a painful infection, which necessitated two subsequent surgeries and has purportedly persisted intermittently through the present date.

On March 11, 2004, Ms. O'Brien filed suit in the instant action based on diversity jurisdiction,[2] including (among others) the following counts, all sounding in state law,[3] against the defendants: (1) strict liability; (2) breach of implied warranty of fitness for a particular purpose; (3) res ipsa loquitur; and (4) punitive damages based upon violation of M.G.L. c. 93A. J&J and Ethicon now move for dismissal of these counts only, on the basis that they fail to state any claim upon which relief may be granted.

## II.   ARGUMENT

### A.   Ms. O'Brien Cannot Recover on Her Strict Liability Claim, as That Doctrine Is Not Recognized in Massachusetts.

The plaintiff alleges in Count III of her complaint that "the Defendants... knew or by the application of reasonable developed human skill should have known" that Panacryl™ was unsafe and inherently defective, and were thereby "under a duty to warn the medical professional community, the general public, and the Plaintiff," and should be held strictly liable for not making these warnings. In regard to this count, Ms. O'Brien has failed to state a claim on which she may recover as a matter of law. Her complaint merely recites the outmoded hindsight test from the Restatement (Second) of Torts § 402,

---

[1] Defendant Johnson & Johnson is a holding company. It owns companies which manufacturehealth care products for the consumer, pharmaceutical and medical devices, and diagnostics markets. Defendant Ethicon, Inc., a separate subsidiary of Johnson & Johnson, is a global medical device company specializing in the manufacture of wound closure materials such as sutures, among other things.

[2] The moving defendants also contend that this Court lacks subject matter jurisdiction over the present case, as there are no federal claims pled and diversity is incomplete. See Southcoast Hospitals Group and Tobey Health Systems' Motion to Dismiss Complaint and Johnson & Johnson and Ethicon, Inc.'s concurrently filed Joinder in said Motion.

[3] State law must be applied in federal cases in which subject matter jurisdiction is based only on diversity. Lynch v. Merrell-National Laboratories, Division of Richardson-Merrell, Inc., 830 F.2d. 1190, 1192 (1st Cir. 1987), citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

comment j (1965), which has since been revised and is now consistent with current state law. Massachusetts no longer recognizes the doctrine of strict tort liability, other than liability for breach of warranty under the Uniform Commercial Code, G.L.C. 106 §§§ 2-314-2-318.[4] *Schwartz v. General Motors Corporation*, 375 Mass. 628, 629 (1978).

Previously, a manufacturer was presumed to be fully informed of all risks associated with the product at issue regardless of the state of the art, and the law imputed strict liability for failure to warn of such risks. *Simmons v. Monarch Tool Co.*, 413 Mass. 205, 207 n. 3. (1992). The current standard in the Commonwealth does not imply such a presumption; a defendant manufacturer will not be held liable for failure to warn or provide instructions about risks that were not reasonably foreseeable at time of sale or could not have been discovered by reasonable testing prior to marketing the product. Instead, the defendant will be held to the standard of knowledge of an expert in the relevant field, and will only be obligated to warn of risks discovered following the sale of the subject product.[5] *Vassallo v. Baxter Healthcare Corporation*, 428 Mass. 1, 22-23 (1998). Because the plaintiff's claim for strict liability recites an inapplicable standard and is not legally viable, the court is required to dismiss this count.[6]

**B.    The Plaintiff Has Failed to State An Actionable Claim for Breach of Implied Warranty for a Particular Purpose.**

---

[4] The plaintiff has also included a claim for breach of implied warranty of merchantability pursuant to § 2-314 in Count V of her complaint.

[5] Moreover, the learned intermediary doctrine provides that a manufacturer's duty to warn of such risks in regard to a medical device runs only to the plaintiff's physicians, not to the plaintiff herself. *See Lareau v. Page*, 840 F. Supp. 920, 931-932 (D.Mass. 1993), aff'd, 39 F.3d 384 (1st Cir. 1994).

[6] Even if Massachusetts permitted strict liability claims, the plaintiff would not be entitled to recover punitive damages under the standard she has cited. Punitive damages are only allowed if expressly authorized by statute, and there is no applicable statute authorizing punitive damages based on strict liability in tort. *See Flesner v. Technical Communications Corp.*, 410 Mass. 805, 813 (1991).

3

Count VI of the complaint alleges that the defendants have breached an implied warranty of fitness for the particular purpose of suturing incisions. This type of product warranty is distinguished from the implied warranty of merchantability in that the term 'particular purpose' "differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business, whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains. " M.G.L. c. 106 §2-315, Comment 2.

To determine if this warranty has been breached, the plaintiff must prove (1) J&J and Ethicon had reason to know of the particular purpose for which the medical provider defendants required the sutures; (2) J&J and Ethicon had reason to know of the medical provider defendants' reliance on their skill or judgment in selecting or furnishing suitable goods; and (3) the medical provider defendants did in fact rely on J&J and Ethicon's skill or judgment. *Fernandes v. Union Bookbinding*, 400 Mass. 27, 35 (1987).

The plaintiff may not recover as to this claim, because her complaint is silent as to any allegations demonstrating that J&J and/or Ethicon knew that the surgical sutures were to be used for any purpose other than their ordinary use, or that the use of Panacryl™ surgical sutures to close the plaintiff's surgical wound was not an ordinary use intended by the manufacturer. If the product is in fact used for the manufacturer's intended purpose, and not for a foreseeable "off-label" use that the manufacturer was aware of, then the plaintiff cannot sustain a claim for the breach of implied warranty for a particular purpose. *See Hannon v. Original Gunnite Aquatech Pools*, 385 Mass. 813, 821

4

(1987). In *Hannon*, the defendant contractor built a swimming pool for the plaintiff that was not constructed to the plaintiff's satisfaction. The SJC found that because there was no evidence that the plaintiff intended to put the pool to any uses other than those customarily made of swimming pools, the plaintiff had no colorable claim for implied warranty for a particular purpose. In the present case, there is nothing contained in the complaint that indicates using Panacryl™ for closing surgical incisions is anything other than an ordinary use contemplated by Ethicon and/or J&J. Therefore, the plaintiff has failed to establish any actionable basis for this claim.

### C. *Res Ipsa Loquitur* Is An Evidentiary Principle, But May Not Be Asserted as an Independent Claim.

The plaintiff has asserted a claim entitled "Res Ipsa Loquitur" as Count VII of her complaint. However, *res ipsa loquitur* is not a cause of action upon which relief can be granted, but an evidentiary doctrine which "permits a trier of fact to draw an inference of negligence in the absence of a finding of a specific cause of the occurrence when an accident is of the kind that does not ordinarily happen unless the defendant was negligent in some respect and other responsible causes including conduct of the plaintiff are sufficiently eliminated by the evidence." *See Edwards v. Boland*, 41 Mass.App.Ct. 375, 377-378 (1996), citing Restatement (Second) of Torts § 328D(1)(a) (1965). The principle of *res ipsa loquitur* was derived from a remark in the venerable British precedent of *Byrne v. Boadle*, 2 H. & C. 722 (1863), in which the Court of Exchequer determined that the defendant's negligence could be inferred based on the fact that a flour barrel fell on the plaintiff as he passed the defendant's shop. Rather than a separate basis for liability, *res ipsa loquitur* is merely a concept that "does no more than recognize that negligence and causation, like other facts, may be established by circumstantial evidence." *Evangelio v. Metropolitan Bottling Co.*, 330 Mass. 177 (1959). Because the plaintiff has already

5

pled a claim for negligence in Count II of her complaint, Count VII for *res ipsa loquitur* is redundant and does not provide an independent basis for recovery.

    **D.**    **Ms. O'Brien's Claim Pursuant to M.G.L. 93A Must Be Dismissed Because She Has Failed to Comply With the Procedural Requirements of the Statute.**

Count IX of the complaint, entitled "Punitive Damages," contains allegations that the defendants engaged in certain conduct in violation of M.G.L. c.93A. Although the section of the statute at issue is not specified, the plaintiff is apparently claiming a violation of § 9, the Massachusetts Consumer Protection Act, which allows a consumer to sue a business or other entity engaged in trade or commerce for unfair and deceptive practices.[7] Section 9 specifically requires the aggrieved party to send a demand letter to the defendant thirty days before filing suit which defines the injury suffered and relief sought, and mentions at least one of six factors: an express reference to c. 93A; an express reference to the Consumer Protection Act; an assertion that the rights of the claimant as a consumer has been violated; an assertion that the defendant has acted in an unfair or deceptive manner; a reference that the claimant expects a settlement offer within thirty days; or an assertion that the claimant will pursue multiple demands and legal expenses should relief be denied. *Cassano v. Gogos*, 20 Mass.App.Ct. 348 (1985). This pre-suit written demand for relief is a essential prerequisite for pleading this claim, and must be properly alleged and proven (by attaching a copy of the letter to the complaint). *York v. Sullivan*, 369 Mass. 157, 163 (1975). Failure to comply with this statutory prerequisite is fatal to a plaintiff facing a motion to dismiss. *City of Boston v. Aetna Life Ins. Co.*, 399 Mass. 569, 574 (1987); *Ball v. Wal-Mart, Inc.*, 102 F.Supp.2d 44, 54

---

[7] Based on the facts as alleged, the plaintiff could not be pleading pursuant to §11, which pertains to disputes between businesses only.

(D.Mass. 2000); *McMahon v. Digital Equipment Corp.*, 944 F.Supp. 70, 77 (D.Mass. 1996).

Although the requirement of a pre-suit demand letter is not purely jurisdictional in the sense that the defendant cannot waive it, J&J and Ethicon have not performed any actions that would constitute waiver, such as responding to an untimely demand letter. See *York, supra,* at 163. The plaintiff has neither alleged nor proven that she has forwarded the appropriate written demand to put the defendants on notice of this claim. Therefore, her claim for relief under M.G.L. c.93A and attendant plea for punitive damages must be dismissed forthwith.

### III. CONCLUSION

For the foregoing reasons, Johnson & Johnson and Ethicon, Inc. respectfully request this Honorable Court to enter an order of dismissal for failure to state a claim upon which relief may be granted, as to the following counts: (1) Count III for strict liability; (2) Count VI for breach of implied warranty of fitness for a particular purpose; (3) Count VII for res ipsa loquitur; and (4) Count IX for punitive damages and violation of M.G.L. c. 93A.

Dated: July 7, 2004

                            JOHNSON & JOHNSON and
                            ETHICON, INC.,
                            By Their Attorneys,

                            _____
                            Michael A. Fitzhugh, BBO No. 169700
                            Anne-Marie H. Gerber, BBO No. 649337
                            **FITZHUGH, PARKER & ALVARO LLP**
                            155 Federal Street, Suite 1700
                            Boston, MA 02110
                            (617) 695-2330

## CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of July 2004, I have served a copy of the above document on all parties of record at the addresses below by first class mail, postage prepaid.

                                             Anne-Marie H. Gerber

Robert William Zeida, Esq.
25 Main Street, 2nd Floor
Post Office Box 313
Buzzard Bay, MA 02532-0313

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA M. O'BRIEN, )<br>on Her Own Behalf, and as Next Friend )<br>to Her Minor Daughter, )<br>SELENA D. O'BRIEN )<br>& )<br>As Next Friend to Her Minor Son, )<br>CHRISTIAN M. O'BRIEN )<br>    PLAINTIFFS )<br>)<br>-Vs- )<br>)<br>JOHNSON & JOHNSON, ETHICON, INC.,)<br>SOUTH COAST HOSPITALS GROUP, )<br>TOBEY HEALTH SYSTEMS, and )<br>OTHER UNKNOWN DISTRIBUTOR(s), )<br>    DEFENDANTS ) | CIVIL ACTION NO.:<br>04CV10490MLW |

**MOTION FOR LEAVE TO FILE JOINDER AND JOINDER OF JOHNSON & JOHNSON AND ETHICON, INC. IN SOUTHCOAST HOSPITALS GROUP AND TOBEY HEALTH SYSTEMS' MOTION TO DISMISS COMPLAINT**

Pursuant to Local Rule 7.1 (B)(3), defendants Johnson & Johnson and Ethicon, Inc. hereby move this court for leave to join in defendants Southcoast Hospitals Group and Tobey Health Systems' Motion to Dismiss the plaintiff's complaint for lack of subject matter jurisdiction.

In support of the instant Motion, the moving parties herein state that if this matter is dismissed against indispensable parties Southcoast Hospitals Group and Tobey Health Systems, then the interests of justice require that Johnson & Johnson and Ethicon, Inc. be dismissed as well for purposes of judicial economy, fairness to the parties, and avoidance of inconsistent results.

WHEREFORE, Johnson & Johnson and Ethicon, Inc. request that this Court dismiss the plaintiff's complaint against all defendants for lack of subject matter jurisdiction.

Dated: July 7, 2004

JOHNSON & JOHNSON and
ETHICON, INC.,
By Their Attorneys,

_____
Michael A. Fitzhugh, BBO No. 169700
Anne-Marie H. Gerber, BBO No. 649337
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330

### CERTIFICATE OF SERVICE

I hereby certify that on this July 7, 2004 I have served a copy of the above document on all parties of record at the addresses below by first class mail, postage prepaid.

_____
Anne-Marie H. Gerber

Robert William Zeida, Esq.
25 Main Street, 2nd Floor
Post Office Box 313
Buzzard Bay, MA 02532-0313

2

**FITZHUGH, PARKER & ALVARO LLP**
ATTORNEYS AT LAW

155 FEDERAL STREET
SUITE 1700
BOSTON, MA 02110-1727
TELEPHONE: (617) 695-2330
FAX: (617) 695-2335
WWW.FITZHUGHLAW.COM

MICHAEL A. FITZHUGH
WILLIAM L. PARKER
FERDINAND ALVARO, JR. •

FRANK CAMPBELL JR. *
JOSEPH M. CODEGA ○•
FREDERICK E. DASHIELL *
LUCY ELANDJIAN *
BRADLEY F. GANDRUP JR. *•
ANNE-MARIE H. GERBER +

ROBERT P. LA HAIT
ADERONKE O. LIPEDE
AMY CASHORE MARIANI *
SUSAN M. MORRISON
MARK A. NEWCITY ▲
JEFFREY A. NOVINS •
EDWARD P. O'LEARY †
JEFFREY F. RICHARDSON ▼•
KIMBERLY K. STOLL
ELLEN R. TANOWITZ •*
DAVID JON VOLKIN

RHODE ISLAND OFFICE

571 PONTIAC AVENUE
CRANSTON, RI 02910
TELEPHONE (401) 941-3220
FAX (401) 941-3055

CONNECTICUT OFFICE

ONE CONSTITUTION PLAZA
SUITE 900
HARTFORD, CT 06103
TELEPHONE: (860) 549-6803
FAX: (860) 728-0546

\* OF COUNSEL

UNLESS DESIGNATED OTHERWISE, OUR ATTORNEYS ARE ADMITTED ONLY IN MASSACHUSETTS

+ ALSO ADMITTED IN CALIFORNIA
▲ ALSO ADMITTED IN CONNECTICUT
• ALSO ADMITTED IN NEW YORK

† ALSO ADMITTED IN NEW HAMPSHIRE
○ ONLY ADMITTED IN RHODE ISLAND
▼ ALSO ADMITTED IN RHODE ISLAND

July 7, 2004

**VIA HAND DELIVERY**

Clerk for Civil Business
U.S.D.C for the District of Massachusetts
1 Courthouse Way
Boston, MA 02110

Re: Donna M. O'Brien v. Johnson & Johnson, et al.
U.S.D.C. for the District of Massachusetts, Docket No. 04CV10490MLW.

Dear Sir or Madam:

Please find enclosed the following documents submitted for filing in the above-noted matter:

1. Defendants Johnson & Johnson and Ethicon, Inc.'s Motion for Partial Dismissal of Complaint and Supporting Memorandum; and

2. Motion for Leave to File Joinder and Joinder of Johnson & Johnson and Ethicon, Inc. In Southcoast Hospitals Group and Tobey Health Systems' Motion to Dismiss Complaint.

Thank you for your attention to this matter. Please do not hesitate to contact Attorney Fitzhugh or me with questions or concerns.

Sincerely,

Adam J. Foss,
Paralegal

cc: Ms. Karen McAndrews
Elizabeth Ewart, Esq.
File No. JJ2004000240
Robert William Zeida, Esq.
Lisbeth Warren, Esq.