UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.04-CV-10490MLW

```
-------------------------------------)
DONNA M. O'BRIEN,                    )
    on her own behalf,               )
    and as next friend               )
    to her minor Daughter,           )
        SELENA D. O'BRIEN,           )
                                     )
        and                          )
                                     )
    as next friend to                )
    her minor son,                   )
        CHRISTIAN M. O'BRIEN,        )
            Plaintiff                )
                                     )
    v.                               )
                                     )
JOHNSON & JOHNSON, ETHICON, INC.,    )
SOUTHCOAST HOSPITALS GROUP,          )
TOBEY HEALTH SYSTEMS, AND            )
OTHER UNKNOWN DISTRIBUTOR(S),        )
            Defendants               )
-------------------------------------)
```

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO THE MOTION OF DEFENDANT SOUTHCOAST
HOSPITALS GROUP, INC. TO DISMISS PLAINTIFFS' COMPLAINT

Now comes the plaintiff, Donna M. O'Brien, on her own behalf and on behalf of her minor children, Selena D. O'Brien and Christian M. O'Brien, and hereby submits this memorandum of law in support of her opposition to the motion of the Defendant, Southcoast Hospital Groups, Inc., (hereinafter "Southcoast") to dismiss the plaintiff's complaint.

1

The plaintiff, Donna O'Brien, has submitted her affidavit in support of the plaintiffs' opposition.

## STATEMENT OF FACTS

For the purposes of this motion only, the plaintiffs adopt the defendants' version of the facts, with the exception that the plaintiff, Donna O'Brien, has had <u>three surgeries</u> to date, not two surgeries, as stated in the defendants' motion. *O'Brien Affidavit,* Par. 6.

## *ARGUMENT*

The plaintiffs argue that it is appropriate, and within the discretion of this Honorable Court to allow the claims brought in this complaint against Johnson & Johnson, Ethicon, Inc., and Southcoast to proceed in the Federal Court for the following reasons:

1. Although diversity may or may not exist as between the plaintiffs and Southcoast Hospitals Group, Inc., the case should be appropriately heard against both defendants in the federal court as the United States Food and Drug Administration has been involved with the matter of contaminated Panacryl sutures, and there may ultimately exist grounds under the federal law entitling the plaintiffs to relief.

2. The plaintiffs are proceeding *in forma pauperis,* and the case would be best heard in the federal court

2

because the discovery requirements prescribed by Local Rules 26.1 and 26.2 favor expeditious discovery and a quicker resolution to the case.

If the Court determines that the case brought against all the defendants is so logically entwined would be most effectively resolved in its entirety by the federal court, the jurisdiction should be retained over all the defendants.

The plaintiffs acknowledge that the case law does not appear to support this position, at least as presented by the cases cited by Southcoast. However, the plaintiffs urge the Court to adopt the position found in the dissent of Mr. Justice White (joined by Mr. Justice Brennan in *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978). Justice White stated: "The Court today states that: "[i] it is not unreasonable to assume that, in generally requiring complete diversity, Congress did not intend to confine the jurisdiction of federal courts so inflexibly that they are unable effectively to resolve an entire, logically entwined lawsuit." *Id* @ 377.

Further, the case may ultimately involve a question of federal law as the United States Food and Drug

3

Administration is involved in the issue of the contaminated Panacryl sutures. *O'Brien Affidavit, Paragraphs 8 and 9.*

The plaintiffs urge the court to retain jurisdiction over all defendants in order to effectuate the swift and complete resolution of all claims set forth in the plaintiffs' complaint.

## CONCLUSION

This Honorable Court should deny the motion of the Defendant, Southcoast Hospitals Group, Inc., to dismiss the plaintiff's complaint.

THE PLAINTIFFS REQUEST A HEARING ON THIS MATTER.

Respectfully Submitted,
The Plaintiff,
DONNA M. O'BRIEN,
On Her Own Behalf,
And As Next Friend
To Her Minor Daughter,
SELENA D. O'BRIEN,
And
As next Friend to
Her Minor Son,
CHRISTIAN M. O'BRIEN,
By Her Attorney,

_____
ROBERT WILLIAM ZEIDA, ESQUIRE
Massachusetts B.B.O. #546611
533 Palmer Avenue
Falmouth, MA   02540
(508) 548-0237

CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I did serve a copy of the within pleading upon: (1) the defendants, Southcoast Hospitals Group, Inc., by mailing same, first class and postage prepaid, to their attorney of record, Daniel J. Buoniconti, Esquire, of Foster & Eldridge, LLP, One Canal Park, Cambridge, Massachusetts 02141; and (2) the defendants, Johnson & Johnson, and Ethicon, Inc., by mailing same, first class and postage prepaid, to their attorney of record, Michael A. Fitzhugh, Esquire, of Fitzhugh, Parker & Alvaro, LLP, 155 Federal Street, Suite 1700, Boston, Massachusetts 02110-1727.

July 28, 2004

ROBERT WILLIAM ZEIDA, ESQUIRE