```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


DONNA M. O'BRIEN, ET AL.,      )
    Plaintiff,                 )
                               )
    v.                         )         CA. No. 04-10490-MLW
                               )
JOHNSON & JOHNSON ET AL.,      )
    Defendant.                 )
```

                                ORDER

WOLF, D.J.                                          January 11, 2005

      On March 11, 2004, plaintiff Donna M. O'Brien, on her own behalf, and as next friend to her minor daughter, Selena D. O'Brien and her minor son, Christian M. O'Brien, filed a complaint against several defendants, including Johnson & Johnson; Ethicon, Inc. ("Ethicon"); Southcoast Hospitals Group ("Southcoast"); Tobey Health Systems ("Tobey"); and other unknown distributors. Ms. O'Brien, along with her minor children, resides in Bourne, Massachusetts. Ms. O'Brien alleges that Southcoast is a Massachusetts corporation, with a principal place of business in Massachusetts, and that Tobey is a corporation under the management of Southcoast, also with a principal place of business in Massachusetts. Johnson & Johnson and Ethicon are alleged to have principal places of business in New Jersey.

      Ms. O'Brien alleges that, as part of a routine caesarean section for the birth of her son Christian on March 12, 2002, her doctor used Penacryl™ sutures to close an incision in her abdomen

and that the sutures did not properly absorb, causing multiple complications. Ms. O'Brien brings claims for products liability, negligence, strict liability, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, res ipsa loquitur, loss of consortium, and for punitive damages.

Defendants Southcoast and Tobey filed a motion to dismiss the complaint for lack of subject matter jurisdiction, alleging a lack of diversity of citizenship. (Docket No. 7). Defendants Johnson & Johnson and Ethicon filed a motion to dismiss portions of the complaint for failure to state a claim upon which relief can be granted and also a motion to join Southcoast and Tobey's motion to dismiss, on the ground that Southcoast and Tobey are indispensable parties (Docket No. 11).

According to the complaint, jurisdiction lies in this court under 28 U.S.C. §1332 due to the diversity of the parties. However, the complaint alleges that the plaintiffs reside in Massachusetts, and also that two of the defendants, Southcoast and Tobey, have principal places of business in Massachusetts. Accordingly, no diversity jurisdiction exists between the parties. "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal. <u>Newman-Green, Inc. v. Alfronzo-Larrain et al</u>, 490 U.S. 826, 829 (1989)

(quoting Strawbridge v. Curtiss, 7 U.S. 267 (1806)). Additionally, no federal question appears on the face of the complaint and the complaint does not allege that federal question jurisdiction exists under 28 U.S.C. §1331. Therefore, the court does not possess subject matter jurisdiction over the complaint. Penobscot Nation v. Georgia Pacific Corp., 254 F.3d 317, 321 (1st Cir. 2001).

The court recognizes that it has discretion under Federal Rule of Civil Procedure 21 to preserve diversity jurisdiction over a case by dropping nondiverse parties, so long as their presence is not required by Rule 19. See 7 Charles A. Wright, et al., Federal Practice and Procedure §1685 (3rd ed. 2001); see also Soberay Mach. & Equipment Co. v. MRF Ltd., Inc., 181 F.3d 759, 763 (6th Cir. 1999) ("It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time."). In this case, the plaintiff has indicated that she does not wish to pursue her claims in two different courts by suing all four of them in this court. See O'Brien Aff., ¶10. Johnson & Johnson and Ethicon have joined the other defendants' Motion to Dismiss, thus indicating that they do not want this case to proceed against them alone in federal court. Therefore, it is most appropriate to dismiss the complaint against all defendants, without prejudice to a new case against them being filed in state court.

Accordingly, it is hereby ORDERED that the plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

```
                                /s/ MARK L. WOLF
                           UNITED STATES DISTRICT COURT
```